**Opinion filed July 2, 2009**



In The

# Eleventh Court of Appeals

---

## No. 11-08-00250-CR

---

## BARNARD WASHINGTON, Appellant

## V.

## STATE OF TEXAS, Appellee

---

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 07-6704**

---

## M E M O R A N D U M   O P I N I O N

The jury convicted Barnard Washington of two counts of assault on a public servant, found neither of the enhancement allegations to be true, and assessed his punishment at confinement for ten years for the first count and five years for the second count. We modify and affirm.

*Procedural Background*

Appellant was indicted for striking Correctional Officer Alfredo Molina in the face with a closed fist (Count One) and for striking Correctional Officer Isaac Infante in the face and upper body with a closed fist (Count Two). The indictment also alleged three prior felony convictions for

delivery of cocaine. Counsel was appointed to represent appellant, and appellant filed multiple motions to dismiss court-appointed counsel.

Appellant eventually filed a motion for a *Faretta* hearing[1] in order that he could represent himself. After the *Faretta* hearing, the trial court granted the motion. Appellant summarily rejected the State's most recent plea bargain, and the case proceeded to trial before the jury.

*Issues on Appeal*

In his pro se brief, appellant brings four points of error. First, appellant argues that the Special Prison Prosecution Unit is an illegal agency. Next, he contends that the trial court had no jurisdiction to proceed because the record is absent of all of the prerequisites to invest jurisdiction. Third, he argues that he was deprived of his constitutional rights to be present during pretrial hearings. Finally, appellant contends that he was denied his constitutional right to counsel at all phases of the trial court proceedings.

Appellant also states eleven questions in his brief that reiterate his four points plus contend that the trial court forced him to represent himself, the trial court erred by failing to rule on his motion to quash the indictment, the trial court erred by not granting a continuance, the trial court erred by submitting the second count to the jury, and the trial court erred by failing to submit instructions on lesser included offenses. Appellant also contends that his case should never have gone before the jury.

*State's Response*

The State contends that appellant has waived his first, second, and fourth points of error. The State further points out that TEX. GOV'T CODE ANN. § 41.102 (Vernon Supp. 2008) allows a district attorney to employ, hire, or retain assistance in prosecuting cases; that a complaint is not a prerequisite for a felony case; and that appellant exercised his right to represent himself. In response to the third point, the State responds that the record does not support appellant's contentions.

*Analysis of Appellant's Complaints on Appeal*

The record before this court reflects that appellant was physically present in the courtroom during the pretrial and trial proceedings. Appellant filed a pro se notice of appeal. No posttrial motions were filed, and no posttrial hearings were conducted. The record further reflects that appellant asserted his rights to represent himself and that appellant was allowed to exercise those

---

[1]*Faretta v. California*, 422 U.S. 806 (1975).

rights after a proper hearing. In addition, the record includes the requisite documents to invoke the trial court's jurisdiction. TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005), arts. 21.01-.19 (Vernon 2009). As the State noted, neither a complaint nor an information is a prerequisite in a felony case.

The record before this court does not support appellant's contentions that he was forced to represent himself or forced to proceed to a jury trial, that he was not allowed to be present during the trial court proceedings, that the trial court erred in its charge to the jury, or that the trial court erred in proceeding to trial. The record affirmatively reflects that appellant asserted his rights to self-representation and that appellant told the trial court that he had no objections to the charge. Appellant's arguments concerning his motion to quash and his motion for continuance are based on his contentions that he was forced to represent himself, that the proper documents were not filed, and that he was denied his right to be present in pretrial proceedings that he has deemed are required under state and federal law. These arguments are supported by neither the facts of this case nor the applicable laws. The record reflects that the applicable provisions of TEX. CODE CRIM. PROC. ANN. arts. 25.01-.02, 26.01-.15 (Vernon 2009), arts. 27.01-.18, 28.01-.14, 29.01-.13 (Vernon 2006) were complied with and that the pretrial hearings that appellant complains were not conducted were not appropriate.

We agree with the State's contentions that appellant has not properly preserved his complaints in his first, second, and fourth points. Moreover, we note that his contentions as to the special prosecutor are not well-founded. Section 41.102; *see also* TEX. CODE CRIM. PROC. ANN. art. 104.003 (Vernon Supp. 2008).

All of appellant's contentions on appeal have been considered. Each contention is overruled.

*Holding*

The judgment of the trial court is modified to reflect that the trial court imposed a sentence of confinement for ten years for the first count and a sentence of confinement for five years for the second count. As modified, the judgment of the trial court is affirmed.

PER CURIAM

July 2, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.